UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

CONNIE CURTS, on behalf of herself and all others similarly situated,

        Plaintiff,

    v.

WAGGIN' TRAIN, LLC and NESTLE PURINA PETCARE COMPANY,

        Defendants.

Case No. 4:13-cv-00252

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendants Nestle Purina PetCare Company ("Nestle Purina") and Waggin' Train, LLC ("Waggin' Train") (collectively, "Defendants"), by their undersigned counsel, hereby remove this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, and state as follows:

1. On or about February 4, 2013, plaintiff Connie Curts filed this action in the Circuit Court of Jackson County, Missouri, in a case captioned *Connie Curts, on behalf of herself and all others similarly situated v. Waggin' Train, LLC and Nestle Purina PetCare Company*, Case No. 1316-CV02706 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings, process, and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit 1.

2. A copy of the Petition in the State Court Action was served on Defendants on February 15, 2013.

1

3. The State Court Action alleges that Defendants falsely marketed and labeled Canyon Creek Ranch and Waggin' Train brand jerky dog treats ("Jerky Treats") as "wholesome" and "healthy," among other representations, when the Jerky Treats allegedly are "made with substandard, nonwholesome, and unnatural ingredients that are contaminated," in violation of the Missouri Merchandising Practices Act ("MMPA"), MO. REV. STAT. §§ 407.010 *et seq.* (*See* Pet. at ¶¶ 1, 8-10, 45, 52-53.)

## DIVERSITY JURISDICTION UNDER CAFA

4. Enacted to expand federal jurisdiction over purported class actions, the Class Action Fairness Act ("CAFA") provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the class is not less than 100; (b) the aggregate amount in controversy exceeds $5,000,000; and (c) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant. 28 U.S.C. §§ 1453(b) and 1332(d). Each requirement is met here.

5. First, it is undisputed that the putative class exceeds 100 members. Plaintiff brings this purported class action on behalf of "a state-wide class of all consumers who, at any time from January 2003 to the present . . . purchased Defendants' Dog Treats within the State of Missouri and were citizens of the State of Missouri at the time" the instant action "was filed." (Pet. at ¶ 9.) Plaintiff alleges that this putative class is "numerous," consisting of "thousands of consumers throughout Missouri . . . ." (*Id.* at ¶¶ 44, 8.)

6. Second, the amount in controversy in this purported class action clearly exceeds $5,000,000 in the aggregate. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

2

7. Under CAFA, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). This burden is a "'pleading requirement, not a demand for proof.'" *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). The question is whether a fact finder "*might* legally conclude" that the damages are greater than $5 million. *Bell*, 557 F.3d at 959 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). And claimed statutory attorneys' fees are considered part of the amount in controversy. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2008) (per curiam). Courts have routinely found that declarations and other relevant evidence may be submitted by a defendant to demonstrate that federal jurisdiction exists. *See, e.g.*, *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395 401-02 (9th Cir. 2010); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010); *Thornton v. DFS Servs.* LLC, No. 4:09CV1040 SNLJ, 2009 WL 3253836, at *1-2 (E.D. Mo. Oct. 9, 2009); *see also* 28 U.S.C. § 1446(c)(2).

8. The Petition at issue here seeks, *inter alia*, "actual and statutory damages," as well as "reasonable attorneys' fees" for violations of the MMPA. (*See* Pet. at ¶¶ 38, 43.) The MMPA provides that a court may award attorneys' fees to a plaintiff who suffers a cognizable loss under the statute after purchasing merchandise for personal, family, or household purposes. MO. REV. STAT. § 407.025.1. Plaintiff, as noted above, seeks to represent "a state-wide class of all consumers who, at any time from January 2003 to the present . . . purchased Defendants' Dog Treats within the State of Missouri and were citizens of the State of Missouri at the time" the instant action "was filed." (Pet. at ¶ 9.) Plaintiff alleges that Defendants fraudulently marketed the Jerky Treats as "wholesome," "healthy," and "of the highest quality," and that had she and

members of the putative class "known the true nature" of the Jerky Treats, "they would not have purchased" them at a "premium price." (*Id.* at ¶¶ 1, 5, 18-20, 37.)

9. The MMPA allows plaintiffs to seek damages for the difference between the actual value of the Jerky Treats and what their value would have been if they had been as represented. *See Grabinski v. Blue Springs Ford Sales, Inc.*, 136 F.3d 565, 570 (8th Cir. 1998) (citing *Sunset Pools v. Schaefer*, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994)). The actual value of the Jerky Treats, Plaintiff asserts, was effectively zero, because "at all times relevant" the Jerky Treats "did not have a reasonable commercial value" due to their unsuitability "for canine consumption." (Pet. at ¶ 35.) Plaintiff claims that if the Jerky Treats had been "wholesome," "healthy," and "of the highest quality," as advertised, they would have been worth the "premium price" Plaintiff and other purported class members allegedly paid. (Pet. at ¶¶ 1, 5, 18-20.) Thus, according to Plaintiff, the difference between zero and the "premium price" Plaintiff and the putative class members allegedly paid is the full retail purchase price of the Jerky Treats. Therefore, even before alleged punitive damages and statutory attorneys' fees, Plaintiff is seeking to recover the aggregate amount she and the putative class paid for the Jerky Treats over the past ten years.

10. The amount in controversy therefore clearly exceeds $5 million. During the alleged class period, Defendants sold Canyon Creek Ranch and Waggin' Train brand Jerky Treats to retailers in Missouri. (*See* Decl. of Stephanie Cummings at ¶ 4, submitted herewith as Exhibit 2.) To make any profit, those retailers had to sell the Jerky Treats to consumers at a retail price higher than what Defendants charged them as a wholesale price to purchase the Treats. Thus, the aggregate amount Plaintiff and the putative class paid for Jerky Treats over the past ten years was greater than Defendants' revenue from sales of the Jerky Treats over that same

4

period. In fiscal years 2011-12 alone, Defendants' revenue from sales of Jerky Treats in the State of Missouri exceeded $7.5 million. (*See* Decl. of Stephanie Cummings at ¶ 5.) Accordingly, the damages Plaintiff seeks to recover for the past ten years, even before her demand for statutory attorneys' fees, is greater than $5 million. The jurisdictional amount in controversy threshold is easily met. 1/

11. Third, minimal diversity is satisfied even though Defendants and the single representative Plaintiff are alleged to be citizens of Missouri because Plaintiff has attempted to improperly gerrymander the class for the sole purpose of avoiding federal jurisdiction. Plaintiff alleges that both Nestle Purina and Waggin' Train are citizens of Missouri for purposes of diversity. (*See* Pet. at ¶¶ 4-5); 28 U.S.C. § 1332(c)(1). Plaintiff asserts that she is a citizen of Missouri and that the putative "state-wide" class she seeks to represent includes "all consumers who, at any time from January 2003 to the present (the 'Class Period'), purchased Defendants' Dog Treats within the State of Missouri and were citizens of the State of Missouri at the time the Class Action Petition was filed (the 'Class')." (Pet. at ¶¶ 12, 9.) Consequently, despite alleging a ten-year class period based on sales of Jerky Treats in Missouri, Plaintiff artificially has tried to limit the class to people who happened to be citizens of the State of Missouri on one particular day during that ten-year period—February 4, 2013—in a ploy to avoid minimal diversity and, thus, federal jurisdiction.

12. Plaintiff cannot engineer the putative class to defeat minimal diversity under CAFA. As the Sixth Circuit stated, CAFA was "clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction." *Freeman v. Blue Ridge Paper*

---

1/ While there can be no reasonable dispute that the allegations in Plaintiff's Petition put more than $5 million in controversy in this action, Defendants obviously dispute that Plaintiff and the putative class are entitled to any type of remedy or recovery whatsoever based on those allegations and reserve all rights and defenses with respect to Plaintiff's Petition.

5

*Prods., Inc.*, 551 F.3d 405, 407 (6th Cir. 2008). The Act was passed to stop abuse of the class action device in state and local courts that "kep[t] cases of national importance out of Federal court." CAFA, Pub. L. No. 109-2, 119 Stat. 4, § 2(a)(4). These principles are especially important in this case, because these same Defendants are facing several substantially similar class actions—with nationwide scope—filed by named plaintiffs from over a dozen other states that have been centralized in the United States District Court for the Northern District of Illinois. *See Adkins, et al. v. Nestle Purina PetCare Company, et al.*, Case No. 1:12-cv-02871 (N.D. Ill.) ("*Adkins*") (the Consolidated Complaint in *Adkins* merged four lawsuits that had been filed in three courts across the country and includes twenty-one representative plaintiffs and these same Defendants); *Matin v. Nestle Purina PetCare Company, et al.*, 1:13-cv-01512 (N.D. Ill.) (a California class action in which the district court recently granted Defendants' motion to transfer the case to the Northern District of Illinois). 2/

13. Plaintiff has engaged in such artificial structuring of her complaint, purporting to restrict the "state-wide class" to consumers who "at any time from January 2003 to the present[,] . . . purchased Defendants' Dog Treats within the State of Missouri and were citizens of the State of Missouri at the time the Class Action Petition was filed." (Pet. at ¶ 9.) If the putative class were not gerrymandered and instead included all consumers who purchased Jerky Treats in Missouri over the past ten years, there is no question minimal diversity would exist. Based on simple geographic reality, it is beyond any reasonable dispute that at least one individual who bought Jerky Treats at grocery or other retail stores in Kansas City or St. Louis, Missouri in the last ten years was a citizen of neighboring Kansas or Illinois. Likewise, there is no doubt that there are many former Missouri residents who purchased Jerky Treats in the last ten years and

---

2/ As in *Matin*, Defendants will be filing a motion to transfer the instant case to the United States District Court for the Northern District of Illinois.

moved out of the state before February 2013. 3/ By attempting to restrict the putative class to "citizens of the State of Missouri" on the specific day that "the Class Action Petition was filed," Plaintiff deliberately is chopping up the class to thwart federal jurisdiction.

14. Courts have recognized that "a Plaintiff is ordinarily the master of the complaint, but there are limits to a Plaintiff's ability to evade removal jurisdiction through artful pleading." *Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. A-08-CA-132-SS, 2008 WL 8148619, at *5 (W.D. Tex. Aug. 8, 2008). Courts pierce the pleadings in CAFA cases just as they "look beyond the pleadings in cases of fraudulent joinder or cases where Plaintiffs deliberately obscure the amount in controversy to defeat traditional diversity jurisdiction." *Id.* at 4. In "determining whether there is jurisdiction, federal courts look to the substance of the action and not only at the labels that the parties may attach." *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008) (citations omitted). 4/

15. Here, there is no principled basis for Plaintiff to exclude from the putative class consumers who purchased Jerky Treats in Missouri but were *not* citizens of the state on the exact date when she filed the instant Petition. The only reason Plaintiff defined the putative class in this way was to "plead around" CAFA. *See Hamilton*, 2008 WL 8148619, at *4. The harm Plaintiff alleges Defendants inflicted—misrepresenting the "wholesomeness" of the Jerky Treats—was not confined to persons who were Missouri citizens as of February 4, 2013. The

---

3/ Indeed, the United States Census Bureau estimates that between 2004 and 2011 over 1,000,000 people moved out of the State of Missouri. *See* United States Census Bureau, Geographic Mobility/Migration, State-to-State Migration Flows, http://www.census.gov/hhes/migration/data/acs/state-to-state.html (follow the hyperlinks for data from each year).

4/ When the class definition "fails to include a substantial number of persons with claims similar to those of the class members," the leading complex litigation treatise has noted, "the definition of the class may be questionable." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.222.

alleged misrepresentations Plaintiff sets forth in the Petition and Exhibit A affected all consumers who purchased Jerky Treats in Missouri regardless of citizenship. (*See* Pet. at ¶¶ 18-19.) Those allegedly fraudulent marketing slogans, moreover, are not alleged to be limited to consumers who purchased the treats in Missouri; indeed, the statements displayed on Waggin' Train and Canyon Creek Ranch brand Jerky Treats packaging are similar across the country and are the basis for related claims in the consolidated *Adkins* class action pending in the Northern District of Illinois. (*See id.* at ¶¶ 1, 18-20, 27, 28; *Adkins* Consolidated Complaint, Dkt. No. 71 at ¶¶ 41, 45-49.) 5/ Plaintiff cannot circumscribe the putative class solely to frustrate federal jurisdiction and CAFA's purpose of putting class actions of nationwide importance in federal court. 6/ *Cf. Proffitt v. Abbott Labs.*, No. 2:09-CV-151, 2008 WL 4401367, at *5 (E.D. Tenn. Sept. 23, 2008) (denying plaintiff's motion to remand where there was "no justification for dividing one alleged drug conspiracy involving one defendant into eleven lawsuits . . . other than to circumvent the CAFA and federal court jurisdiction"); *Brook v. UnitedHealth Grp., Inc.*, No. 06-CV-12954(GBD), 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007) ("Plaintiffs cannot simply evade federal jurisdiction by defining the putative class on a state-by-state basis, and then proceed to file virtually identical class action complaints in various state courts."). Just as the court in *Proffitt* saw CAFA being "undermined by the device of filing multiple lawsuits based on completely arbitrary time periods" to defeat diversity, Plaintiff here has undercut CAFA by

---

5/ Plaintiff acknowledges the national scope of the purported misrepresentations in the Petition, alleging that "Defendants profited greatly from the sale and deceptive marketing of their Dog Treats. On information and belief, Defendants' Dog Treats sales generated annual revenues of hundreds of millions of dollars." (Pet. at ¶ 28.)

6/ Defendants recognize that some courts in this district have permitted plaintiffs to restrict the scope of their complaints so as to avoid federal jurisdiction under CAFA. *See, e.g.*, *Elsea v. Jackson Cnty., Missouri*, No. 10-0620-CV-W-ODS, 2010 WL 4386538, at *2-3 (W.D. Mo., Oct. 28, 2010). The Eighth Circuit, however, has not ruled on the issue. And the Supreme Court recently took argument in a case that may bear on how expansively CAFA should be read. *The Standard Fire Insurance Co. v. Knowles*, No. 11-1450.

8

artificially limiting the putative class to Missouri residents on one particular day during a ten-year class period.  *Proffitt*, 2008 WL 4401367, at *5.

16. Plaintiff should not be permitted to flout CAFA and circumvent minimal diversity.  The putative class should at minimum be construed to include individuals who, during the class period, purchased Jerky Treats in Missouri, including those people who were not Missouri citizens on February 4, 2013.  *See Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2008) ("[D]istrict courts have broad discretion to modify class definitions.").  Thus, minimal diversity is present.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

17. The procedural requirements set forth in 28 U.S.C. § 1446 are satisfied here as well.  Section (a) of the statute requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending," which Nestle Purina and Waggin' Train do with this filing.

18. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Petition in the State Action was served on Defendants on February 15, 2013, and this Notice is filed within thirty days of the Defendants receiving that Petition.

19. As required by 28 U.S.C. § 1446(d), Defendants will provide copies of this Notice of Removal to Christopher Shank, Stephen Moore, and Dane Martin, counsel of record for Plaintiff, and will file a copy of the Notice of Removal with the Department of Civil Records of the Circuit Court for Jackson County, Missouri.

20. By filing this Notice of Removal, Defendants do not waive any defense, argument or principle of equity that may be available to them.

21. Based upon the foregoing, Defendants respectfully submit that this Court has

diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and that the procedural requirements of 28 U.S.C. § 1446 are met. Accordingly, this action is properly removable to federal court.

WHEREFORE, the above described action now pending against Defendants in the Circuit Court for Jackson County, Missouri is removed to the United States District Court for the Western District of Missouri.

Date: March 14, 2013

Respectfully submitted,

/s/ James T. Wicks
Robert M. Thompson (MO #38156)
James Wicks (MO #60409)
BRYAN CAVE LLP
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
rmthompson@bryancave.com
jim.wicks@bryancave.com

Attorneys for Defendants

Craig A. Hoover (*pro hac vice motion to be filed*)
E. Desmond Hogan (*pro hac vice motion to be filed*)
Miranda L. Berge (*pro hac vice motion to be filed*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
miranda.berge@hoganlovells.com

Of Counsel

## **CERTIFICATION**

I hereby certify that, on March 14, 2013, a copy of the above and foregoing was served via United States mail, first-class postage prepaid, addressed to the following counsel of record:

Christopher S. Shank
Stephen J. Moore
Dane C. Martin
Shank & Hamilton, P.C.
2345 Grand Blvd., Suite 1600
Kansas City, MO 64108

/s/ James T. Wicks
Attorney for Defendants
