

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL W MANNERS | Case Number: 1316-CV02706 |
| Plaintiff/Petitioner:<br>CONNIE CURTS | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER S SHANK<br>SHANK & HAMILTON PC<br>2345 GRAND BLVD<br>SUITE 1600<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>WAGGIN' TRAIN LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

vs.

**ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO
DEPT. OF CIVIL RECORDS
AT INDEPENDENCE, MO.**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **NESTLE PURINA PETCARE COMPANY**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

### PRIVATE PROCESS

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

2/11/2013
_____
Date

_____
Clerk

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 13-SMCC-1105**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:13-cv-00252-ODS   Document 1-2   Filed 03/14/13   Page 1 of 33



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL W MANNERS | Case Number: 1316-CV02706 |
| Plaintiff/Petitioner:<br>CONNIE CURTS | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER S SHANK<br>SHANK & HAMILTON PC<br>2345 GRAND BLVD<br>SUITE 1600<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>WAGGIN' TRAIN LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

**ORIGINAL MAKE YOUR RETURN ON THE WRIT AND FORWARD TO DEPT. OF CIVIL RECORDS AT INDEPENDENCE, MO.**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  WAGGIN' TRAIN LLC

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

### PRIVATE PROCESS

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

2/11/2013
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 13-SMCC-1103**     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, AT INDEPENDENCE

Connie Curts, on behalf of herself and all others similarly situated, )
)
)
                Plaintiff, )
)
v. )
)
WAGGIN' TRAIN, LLC, )
)
      SERVE: )
      C T Corporation System )
      120 South Central Ave )
      Clayton, Missouri 63105 )
)
and )
)
NESTLE PURINA PETCARE )
COMPANY, )
)
      SERVE: )
      C T Corporation System )
      120 South Central Ave )
      Clayton, Missouri 63105 )
)
            Defendants. )

Case No. 1316- CV02706

Division No. _____

TI

JURY TRIAL DEMANDED

## CLASS ACTION PETITION

Plaintiff Connie Curts, on her own behalf and on behalf of all others similarly situated in the State of Missouri, for her Class Action Petition against Defendants Waggin' Train, LLC ("Waggin' Train") and Nestle Purina PetCare Company ("Nestle Purina") (collectively, "Defendants"), states and alleges as follows:

## Nature of the Action

1.     This lawsuit asserts that Waggin' Train and Nestle Purina, leading producers, marketers, and sellers of dog treats throughout the United States, have been falsely labeling and marketing their Waggin' Train and Canyon Creek Ranch brand dog treats (collectively, "Dog

Treats") as "wholesome," "healthy & delicious," having "ingredients . . . of the highest quality," "[w]hat nature intended," among other representations, when the Dog Treats are in fact made with substandard, non-wholesome, and unnatural ingredients that are contaminated with poisonous antibiotics and other potentially lethal substances.

2.     Dogs that are fed Defendants' Dog Treats may suffer from acute renal failure or other severe illness within hours or days after consuming the product, which in many instances can be fatal. Symptoms include excessive and uncontrollable urination, prolonged vomiting, bloody stools or diarrhea, alterations in mental state or mood, and an abnormal aversion to food by the dogs.

3.     Defendants deceptively marketed their Dog Treats to appeal to consumers' preference for premium quality, healthy dog food products. Defendants' deceptive marketing of their Dog Treats occurred through at least January 9, 2013, when Defendants announced the withdrawal of their Dog Treats from the market due to immense pressure from the U.S. Food and Drug Administration ("FDA"), consumer and pet advocacy groups, and other state governmental agencies. Despite this announcement, Defendants' Dog Treats continued to be sold in Missouri after the January 9, 2013 withdrawal.

4.     Plaintiff Connie Curts purchased Defendants' Dog Treats for her dogs Holly, a mixed breed, Sammy, a half beagle, and Babie, a Chihuahua mix. Holly, Sammy, and Babie depended on Plaintiff Curts to purchase dog food products that are healthy and nutritious.

5.     Due to Plaintiff Curts' belief in the premium quality and healthful nature of Defendants' Dog Treats, Plaintiff Curts not only purchased a dog food product that was hazardous to her dogs' health, but paid a premium price for the product.

-2-

6.      After Plaintiff Curts' dog Holly consumed Defendants' Dog Treats, there was a noticeable reduction in Holly's physical activity and she became mentally withdrawn. In a matter of days, Holly began to suffer from diarrhea, excessive vomiting, and began to have violent seizures. After experiencing 39 seizures in a short time, Holly had to be euthanized.

7.      Plaintiff Curts' dogs Sammy and Babie also became ill. Both dogs suffered from sustained aversion to food, prolonged vomiting, and diarrhea.

8.      Plaintiff Curts is similarly situated to thousands of consumers throughout Missouri who paid a premium price for Defendants' Dog Treats despite the existence of hazardous contaminants and other potentially lethal chemicals that make the product unsuitable for canine consumption.

9.      Plaintiff Curts seeks certification of a state-wide class of all consumers who, at any time from January 2003 to the present (the "Class Period"), purchased Defendants' Dog Treats within the State of Missouri and were citizens of the State of Missouri at the time the Class Action Petition was filed (the "Class").

10.     Plaintiff Curts alleges on behalf of herself and members of the Class that Defendants' deceptive advertising, misrepresentations, omissions, concealment, and course of conduct in connection with the sale and marketing of their Dog Treats violated the Missouri Merchandising Practices Act. MO. REV. STAT. §§ 407.010 *et seq.*

11.     On behalf of herself and members of the Class, Plaintiff seeks, among other things, actual and statutory damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and punitive damages in an amount that is fair and reasonable, yet will serve to deter Defendants from similar conduct in the future.

-3-

### The Parties

12.     Plaintiff Connie Curts is a citizen of the State of Missouri and resides in Lee's Summit, Missouri. Plaintiff purchased Defendants' Dog Treats from pet stores and superstores in Lee's Summit, Missouri and Independence, Missouri for the purpose of feeding them to her dogs – a personal, family, or household purpose. Plaintiff would not have purchased Defendants' Dog Treats had she known that, rather than a "wholesome treat that is both healthy and delicious" and "nothing but the best," as marketed by Defendants, she was purchasing a substandard product containing antibiotics or other potentially lethal substances.

13.     Defendant Waggin' Train is a Delaware limited liability company with its principal place of business in St. Louis, Missouri. Defendant Waggin' Train manufactured, marketed, and sold the Dog Treats nationwide. On information and belief, Waggin' Train is a wholly-owned subsidiary of Nestle Purina.

14.     Defendant Nestle Purina is a Missouri corporation with its principal place of business in St. Louis, Missouri. On information and belief, Nestle Purina is the sole member and manager of Waggin' Train. On information and belief, Nestle Purina has complete control and authority over the conduct of Waggin' Train and, therefore, is liable for the unlawful conduct of Waggin' Train.

### Jurisdiction and Venue

15.     Defendants are registered with the Missouri Secretary of State to transact business in the State of Missouri, and both entities maintain their principal place of business in the State of Missouri. Defendants maintain a registered agent for service of process in the State of

-4-

Missouri. Personal jurisdiction is proper in this Court pursuant to Missouri Supreme Court Rule 54.13.

16.     Venue is proper in this Court pursuant to MO. REV. STAT. § 508.010 because Plaintiff Connie Curts was first injured by the wrongful acts and conduct of Defendants in Lee's Summit, Jackson County, Missouri. Venue also is proper in this Court pursuant to MO. REV. STAT. § 407.025.1 because Plaintiff purchased Defendants' Dog Treats in Lee's Summit, Jackson County, Missouri.

## Factual Allegations

17.     Defendants are the manufacturers, importers, marketers, and sellers of the Dog Treats.

18.     Defendants market the Waggin' Train brand dog treats as a "wholesome," "healthy," and "natural" dog food product.

19.     As shown in Exhibit A, the packages for Defendants' Dog Treats contain numerous representations as to the premium quality of the products, including:

(a)     "Wholesome chicken";

(b)     "All Natural";

(c)     "Real Ingredients";

(d)     "What Nature Intended";

(e)     "Simple, wholesome ingredients";

(f)     "Formulated to be both healthy & delicious";

(g)     "All Waggin' Train ingredients are of the highest quality";

(h)     "Simple. Wholesome. Delicious";

-5-

(i)     "Feel confident that you are giving your dog a wholesome treat that is both healthy and delicious. Dogs know the difference";

(j)     "We looked everywhere to find a treat that was better for our dogs. Just wholesome goodness";

(k)     "We founded Waggin' Train to give our own dogs the treats they deserve – nothing but the best";

(l)     "It means a lot to us to help you treat your dog right"; and

(m)     "Natural chicken breast."

20.     Because it is not feasible for a reasonable consumer to test or independently determine the accuracy or quality of a dog food product at the point of sale, consumers must rely on the information and representations on dog food product packaging to determine whether to buy a packaged dog food product. Defendants' exploited consumers' dependence on product packaging and marketing by stating that consumers should "[f]eel confident that you are giving your dog a wholesome treat that is both healthy and delicious" when using Defendants' Dog Treats.

21.     Contrary to Defendants' packaging and marketing of the Dog Treats as a premium quality, wholesome, and natural dog food product, Defendants' Dog Treats actually contain substandard, non-wholesome, and unnatural ingredients that are imported from China. More egregiously, the Dog Treats are contaminated with poisonous antibiotics and other potentially lethal chemicals that make the product unsuitable for canine consumption.

22.     On September 26, 2007, the FDA issued a cautionary warning regarding the quality and known hazards of chicken jerky products such as Defendants' Dog Treats. The FDA

-6-

stated that it was "cautioning consumers of a potential association between development of illness in dogs and the consumption of chicken jerky products also described as chicken tenders, strips or treats." *See* FDA, *FDA Cautions Consumers about Chicken Jerky Products for Dogs* (Sept. 26, 2007), http://www.fda.gov/AnimalVeterinary/NewsEvents/CVMUpdates /ucm048029.htm.

23.     On September 18, 2011, the FDA released another cautionary warning suggesting that chicken dog treats imported from China were causing severe illness in dogs. The FDA release stated, in pertinent part:

> In the last 12 months, FDA has seen an increase in the number of complaints it received of dog illnesses associated with consumption of chicken jerky products imported from China. These complaints have been reported to FDA by dog owners and veterinarians.
>
> . . .
>
> FDA is advising consumers who choose to feed their dogs chicken jerky products to watch their dogs closely for any or all of the following signs that may occur within hours to days of feeding the products: decreased appetite; decreased activity; vomiting; diarrhea, sometimes with blood; increased water consumption and/or increased urination. . . . Owners should consult their veterinarian if signs are severe or persist for more than 24 hours. Blood tests may indicate kidney failure (increased urea nitrogen and creatinine). Urine tests may indicate Fanconi syndrome (increased glucose). Although most dogs appear to recover, some reports to the FDA have involved dogs that have died.

FDA, *FDA Continues to Caution Consumers about Chicken Jerky Products for Dogs* (Nov. 18, 2011), http://www.fda.gov/AnimalVeterinary/NewsEvents/CVMUpdates/ucm280586.htm.

24.     In 2012, the FDA expanded its investigation to include duck and sweet potato jerky treats, such as the Dog Treats marketed and sold by Defendants, due to consumer complaints regarding those products. FDA, *Questions and Answers Regarding Jerky Pet Treats*, (Aug. 15, 2012), http://www.fda.gov/AnimalVeterinary/SafetyHealth/ProductSafety Information/ucm295445.htm.

-7-

25. From 2010 to December 2012, the FDA received 2,674 reports of dog illnesses and 501 reports of dog deaths by consumers who fed their dogs chicken dog treats imported from China. The reports were identified in a published list of complaints received by the FDA District Consumer Compliance Coordinators. Many such complaints specifically identify Defendants' Dog Treats as the consumed dog treat product. *See* FDA, *FDA CVM Update on Jerky Treats* (Jan. 9, 2013), http://www.fda.gov/AnimalVeterinary/NewsEvents/CVMUpdates/ ucm334944.htm.

26. A dog food product that requires the consumer to watch his or her dog closely after consumption for signs of vomiting, bloody diarrhea, decreased appetite, and decreased activity is not a "wholesome" and "healthy" product made with "ingredients . . . of the highest quality."

27. Despite Defendants' knowledge of the substandard, non-wholesome, and unnatural qualities of their Chinese-made Dog Treats and the clear connection between their products and the illness and death of numerous dogs, Defendants did not warn Plaintiff Curts or members of the Class of the hazards associated with their product. To the contrary, Defendants promoted their Dog Treats with patently false representations as to the wholesomeness and premium quality of the product.

28. Defendants profited greatly from the sale and deceptive marketing of their Dog Treats. On information and belief, Defendants' Dog Treats sales generated annual revenues of hundreds of millions of dollars.

29. On January 7, 2013, the New York State Department of Agriculture and Markets ("NYSDAM") informed the FDA that it had detected chemical contaminants in Defendants' Dog

-8-

Treats. The NYSDAM performed a series of liquid chromatography-tandem mass spectrometry ("HPLC-MS") tests, which revealed four antibiotics not approved for use in United States poultry and one that, while approved for use in the United States, is restricted to nearly undetectable levels in the final product. The five chemical contaminants identified by the HPLC-MS tests in Defendants' Dog Treats are sulfaclozine, sulfaquinoxaline, enrofloxacin, tilmicosin, and trimethoprim:

(a) **Sulfaclozine** is a synthetic sulfonamide antimicrobial substance. Sulfaclozine is known to cause crysalluria, hematuresis, and blocking of kidney tubules, as well as inappetence, diarrhea, fever, urticarial, and hypothyroidism in dogs.

(b) **Sulfaquinoxaline** is an antibacterial sulfonamide. According to data from the FDA's CVM Cumulative List from 1987 to 2007, sulfaquinoxaline is associated with "depression/lethargy, respiratory distress, pallor, swelling at multiple sites, [and] death" in dogs. VETERINARY PHARMACOVIGILANCE: ADVERSE REACTIONS TO VETERINARY MEDICINAL PRODUCTS 141 (K.N. Woodward ed., 1st ed. 2009).

(c) **Enrofloxacin** is a fluoroquinolone antimicrobial compound. Enrofloxacin has been shown to cause chondrotoxicity in juvenile animals, which results in "fluid-filled vesicles that project about the articular surfaces, chondrocytes with shrunken cytoplasm, mitochondrial swelling and enlargement of cytoplasmic vacuoles in immature animals including rats, dogs, horses and poultry." *Id.* at 728.

(d) **Tilmicosin** is a macrolide antibiotic agent used to treat bovine respiratory disease. Tilmicosin is associated with "death [and] pain" in dogs. *Id.* at 142. It reportedly

-9-

caused the death of two farmers in North America who were accidently exposed to the substance. *Id.* at 5.

(e) **Trimethoprim** is a sulfonamide antibiotic approved by the FDA for use in horses, a non-food animal. Trimethoprim is associated with "depression/lethargy, anorexia, fever, anaemia, death, [and] vomiting" in dogs. *Id.* at 141.

30. A product that contains sulfaclozine, sulfaquinoxaline, enrofloxacin, tilmicosin, and trimethoprim, such as Defendants' Dog Treats, is not an "all natural" product or "what nature intended."

31. The existence of even trace amounts of antibiotics, particularly sulfonamides such as sulfaclozine and sulfaquinoxaline, can have a severe adverse effect on dogs, which have a recognized hypersensitivity to antimicrobial agents and sulfonamides. Adverse effects of sulfonamides in dogs are typically associated with idiosyncratic sulfonamide toxicosis resulting from a T-cell-mediated response to proteins that have been haptenated by oxidative sulfonamide metabolites. Acute renal failure, including interstitial nephritis or tubule-interstitial nephritis, is commonly associated with the nephrotoxic qualities of sulfonamides. Dogs that consume sulfonamides may also suffer from anaphylaxis, a severe, life-threatening allergic reaction.

32. Due to intense pressure from the FDA and consumer and pet advocacy groups, Defendants announced the withdrawal of their Dog Treats on January 9, 2013, after at least six years of selling their Chinese-made products despite numerous complaints and extensive reports and investigations into dog illness and death caused by their Chinese-made Dog Treats.

33. Defendant Waggin' Train issued a press release on January 9, 2013, stating that it was going to withdraw – but not recall – its Dog Treats from retailer shelves in the United States

-10-

because the identified antibiotics "are not among those approved in the U.S." It further stated that, "due to regulatory inconsistencies among countries, the presence of antibiotic residue is technically considered an adulteration in the United States." Accordingly, "because of the differences in U.S. and Chinese regulations, Nestlé Purina decided to conduct a nationwide voluntary withdrawal." *See* A Message from the President of Waggin' Train, *Nestle Purina PetCare Company to voluntarily withdraw Waggin' Train and Canyon Creek Ranch brand dog treat products* (January 9, 2013), http://waggintrainbrand.com/index.html.

34. Defendants view the existence of a "technical" regulatory inconsistency among different countries' regulations as a sufficient cause for them to withdraw sales of their Dog Treats, but not thousands of complaints from dog owners spanning a handful of years regarding the severe illness and death caused to their dogs by Defendants' Dog Treats.

35. Defendants' Dog Treats do not, and at all times relevant hereto, did not have a reasonable commercial value because they are a hazardous and potentially lethal dog food product that is unsuitable for canine consumption.

36. As a direct and proximate result of Defendants' deceptive acts and unfair practices, Plaintiff Curts and members of the Class paid a premium price for Defendants' Dog Treats.

37. Had Plaintiff Curts and members of the Class known the true nature of Defendants' Dog Treats, they would not have purchased Defendants' Dog Treats and certainly would not have paid a premium price for such products.

38. On behalf of herself and members of the Class, Plaintiff seeks, among other things, actual and statutory damages, pre-judgment and post-judgment interest, reasonable

-11-

attorneys' fees and litigation costs, and punitive damages in an amount that is fair and reasonable, yet will serve to deter Defendants from similar conduct in the future.

39.     Punitive damages are appropriate because Defendants' conduct involves a high degree of moral culpability and was wanton, willful, outrageous, and/or made with reckless disregard for the consequences to Plaintiff and members of the Class.

## Tolling or Non-Accrual of Statute of Limitations

40.     Defendants were and are under a continuing duty to disclose the substandard, non-wholesome, and hazardous nature of their Dog Treats to Plaintiff Curts and members of the Class. Defendants were and are also under a continuing duty not to conceal facts relating to the substandard, non-wholesome, and hazardous nature of their Dog Treats from Plaintiff Curts and members of the Class.

41.     Any applicable statutes of limitations have been tolled or have not run because of Defendants' knowing and active concealment of essential facts and denial of the facts alleged in this Class Action Petition. Plaintiff and members of the class did not discover the facts alleged in this Class Action Petition until a date within the applicable limitations period. The failure to discover Defendants' wrongful conduct earlier was not due to any fault or lack of diligence on the part of Plaintiff or members of the class. Furthermore, Plaintiff and members of the class did not have actual, constructive, or presumptive knowledge of Defendants' conduct such as to put them on inquiry notice prior to a date within the applicable limitations period. The extent of the claim asserted by Plaintiff and members of the class, therefore, accrued within the applicable limitations period or the statute of limitations was tolled.

-12-

42.    Because of Defendants' active concealment and failure to disclose facts that they had a duty to disclose, Defendants are estopped from relying on any statute of limitations defense.

## Class Action Allegations

43.    Plaintiff Curts brings this class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and MO. REV. STAT. §§ 407.010 *et seq.*, on behalf of all consumers who, at any time from January 2003 to the present (the "Class Period"), purchased Defendants' Dog Treats within the State of Missouri and were citizens of the State of Missouri at the time the Class Action Petition was filed (the "Class"). Excluded from the Class are Defendants; subsidiaries and affiliates of Defendants; directors and officers of Defendants and members of their immediate families; federal, state, and local governmental entities; any judicial officers presiding over this action and members of their immediate family and judicial staff; and any juror assigned to this action.

44.    Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, thousands of individuals purchased the Dog Treats throughout the State of Missouri. The precise number of Class members is not known at this time, but can be determined through discovery.

45.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

-13-

(a)     whether Defendants' Dog Treats failed to conform to the representations, advertisements, and other marketing published and presented to Plaintiff Curts and members of the Class;

(b)     whether Defendants knew or became aware that their Dog Treats were substandard and hazardous, yet nonetheless continued to distribute, market, and sell the Dog Treats without warning of the hazards or removing the representations that falsely promote the wholesomeness, premium quality, and natural aspects of the product;

(c)     whether Defendants concealed from Plaintiff and members of the Class that Defendants' Dog Treats did not conform to their stated representations;

(d)     whether Defendants engaged in a pattern and practice of deceiving and defrauding the class with respect to the substandard and hazardous nature of the Dog Treats and other unfair or unlawful business practices regarding the sale, marketing, and advertisement of the Dog Treats;

(e)     whether Defendants' aforementioned conduct violated the Missouri Merchandising Practices Act;

(f)     whether Plaintiff Curts and members of the Class are entitled to monetary relief, injunctive relief, or punitive damages, and the amount and nature of such relief; and

(g)     whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment and post-judgment interest, and costs of suit.

-14-

46.     Plaintiff Curts' claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' unlawful conduct. Plaintiff has no interests that are antagonistic to the interests of the other members of the Class. Plaintiff and all members of the Class have sustained economic injury arising out of the unlawful conduct for which Defendants are liable.

47.     Plaintiff Curts is a fair and adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in such matters, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff Curts and her counsel.

48.     The class mechanism is superior to any other available means for the fair and efficient adjudication of the claim asserted by Plaintiff Curts and members of the Class.

49.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

50.     Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final judgment appropriate with respect to the Class as a whole.

-15-

## Count I

### (Violation of the Missouri Merchandising Practices Act)

51. Plaintiff Curts incorporates by reference the allegations in all paragraphs of this Petition as though fully set forth in this paragraph.

52. Defendants represented that their Dog Treats were "wholesome," "healthy & delicious," "ingredients . . . of the highest quality," "[w]hat nature intended," among other representations, when the dog food product is in fact a Chinese-made product containing substandard, non-wholesome, and unnatural ingredients that are hazardous and not suitable for canine consumption.

53. Defendants' misrepresentations or omissions constitute a "deception, fraud . . . false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact," in violation of the Missouri Merchandising Practices Act. MO. REV. STAT. § 407.020.

54. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff Curts and members of the Class purchased the Dog Treats and suffered an ascertainable loss by paying more for the Dog Treats than they would have had Defendants not engaged in a deception, fraud, false promise, misrepresentation, and unfair practice and concealed, suppressed, or omitted material facts concerning the product despite having a duty to disclose such information.

55. Punitive damages are appropriate because Defendants' conduct involves a high degree of moral culpability and was wanton, willful, outrageous, and/or made with reckless disregard for the consequences to Plaintiff and members of the Class.

-16-

## Prayer for Relief

WHEREFORE, Plaintiff Curts prays for judgment against Defendants Waggin' Train, LLC and Nestle Purina PetCare Company and in favor of Plaintiff and members of the Class for actual damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of suit, punitive damages in an amount that is fair and reasonable, and such other and further relief as this Court may deem just and proper.

-17-

## DEMAND FOR JURY TRIAL

Plaintiff Curts hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

SHANK & HAMILTON, P.C.

Christopher S. Shank, MO #28760
Stephen J. Moore, MO #59080
Dane C. Martin, MO # 63997
2345 Grand Blvd., Suite 1600
Kansas City, Missouri 64108
Telephone:      (816) 471-0909
Facsimile:      (816) 471-3888
chriss@shankhamilton.com
sjm@shankhamilton.com
danem@shankhamilton.com

*Attorneys for Connie Curts*

-18-

**EXHIBIT A**









-19-









-20-






-21-





STAY FRESH POUCH

Use within 40 days of opening

TEAR HERE

# Canyon Creek
## Ranch
### NATURAL DUCK TENDERS

**Just like you we love our dogs and want what's best for them.** Our pets trust us to take care of them, and we take that job very seriously. They join us too, whether helping us work the ranch or just reminding us that sometimes everyone needs a nap in the sun.

It's this bond between dog and owner that led us to create Canyon Creek Ranch Dog Treats, honoring those special moments we share with our dogs. To provide the wholesome quality treats they deserve, we use only the most simple and pure ingredients in our treats and you'll never find any harsh preservatives or artificial flavors.

The Canyon Creek Ranch Gang **CR**

This product is intended for use as a dog treat and not a replacement for dog food. When feeding treats or chews, always supervise and provide your dog plenty of fresh clean water. In addition to a nutritionally balanced diet, daily exercise is important. Senior dogs have different feeding needs based on weight and age. Ask your veterinarian what is best for your dog.

Daily Maximum Number of Pieces Based On Your Dog's Weight

| | |
|---|---|
| Small Dogs 5 to 10 lbs - | **2 pieces** |
| Small-Medium Dogs 11 to 25 lbs - | **3 pieces** |
| Medium Dogs 26 to 50 lbs - | **4 pieces** |
| Large Dogs Over 50 lbs - | **5 pieces** |

## For Your Dog

- No Artificial Flavors or Colors
- No Fillers
- No By-products
- No Artificial Preservatives

Treats for Dogs

Made in China

## INGREDIENTS:
Duck Breast, Vegetable Glycerin, Natural Flavor

## GUARANTEED ANALYSIS
Crude Protein (min.) 65.0%
Crude Fat (min.) 1.0%
Crude Fiber (max.) 0.5%
Moisture (max.) 16.0%

MANUFACTURED FOR & DISTRIBUTED BY:
**CANYON CREEK RANCH**
ANDERSON, SOUTH CAROLINA 296
COMMENTS? VISIT US AT:
www.canyoncreektreats.com
Toll Free Number 1-877-
info@ccrtreats.com

www.canyoncreektreats.com
Canyon Creek Ranch is an American owned company

-23-



**Canyon Creek Ranch®**
B R A N D

**YAM·GOOD**
Chicken Fillet Wrappy Yams

Use within 30 days of opening

STAY-FRESH POUCH    TEAR HERE

(OFFICIAL TASTER)

**Just like you we love our dogs and want what's best for them.**
Our pets trust us to take care of them, and we take that job very seriously. They look after us too, whether helping us work the ranch or just reminding us that sometimes everyone needs a nap in the sun.

It's this bond between dog and owner that led us to create Canyon Creek Ranch® Dog Treats, honoring those special moments we share with our dogs. To provide the wholesome, healthy treats they deserve, we use only the most simple and pure ingredients in our treats and chews. You'll never find any harsh preservatives or artificial flavors.

The Canyon Creek Ranch Gang

This product is intended for use as a dog treat and not a replacement for dog food. When feeding treats or chews, always supervise and provide your dog plenty of fresh clean water. In addition to a nutritionally balanced diet, daily exercise is important. Senior dogs have different feeding needs based on weight and age. Ask your veterinarian what is best for your dog.

Daily Maximum Number of Pieces Based On Your Dog's Weight:

| | |
|---|---|
| Small Dogs 5 to 10 lbs - | **1 piece** |
| Small-Medium Dogs 10 to 25 lbs - | **2 pieces** |
| Medium Dogs 26 to 50 lbs - | **3 pieces** |
| Large Dogs Over 50 lbs - | **4 pieces** |

**For Your Dog**

✓ No Added Grains or Colors  ✓ No Fillers
✓ No Artificial BHA No Artificial Preservatives

Treats for Dogs

Made in China

**INGREDIENTS:**
Yams, Chicken Breast, Vegetable Glycerin, Salt, Sugar

**GUARANTEED ANALYSIS**
Crude Protein (min.) 25.0%
Crude Fat (min.) 0.5%
Crude Fiber (max.) 10.0%
Moisture (max.) 17.0%
* Ascorbic Acid ( Vitamin C ) * Min. 366 mg/kg
* Not recognized as an essential nutrient by the AAFCO Dog Food Nutrient Profiles

MANUFACTURED FOR & DISTRIBUTED BY
CANYON CREEK RANCH
ANDERSON, SOUTH CAROLINA
COMMENTS? VISIT US AT:
www.canyoncreektreats.com
Toll-Free Number: 1-800-
info@ccrtreats.com

**www.canyoncreektreats.com**

Canyon Creek Ranch® is an American owned company.

-24-

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

CONNIE CURTS,

                       **PLAINTIFF(S),**                    **CASE NO.  1316-CV02706**

VS.                                                        **DIVISION 2**

WAGGIN' TRAIN LLC,

                       **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MICHAEL W MANNERS** on **06-MAY-2013** in **DIVISION 2** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

      a.     A trial setting;

      b.     Expert Witness Disclosure Cutoff Date;

      c.     A schedule for the orderly preparation of the case for trial;

      d.     Any issues which require input or action by the Court;

      e.     The status of settlement negotiations.

Case 4:13-cv-00252-ODS   Document 1-2   Filed 03/14/13   Page 27 of 33

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **MICHAEL W MANNERS**
MICHAEL W MANNERS, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CHRISTOPHER S SHANK, SHANK & HAMILTON PC, 2345 GRAND BLVD, SUITE 1600, KANSAS CITY, MO 64108

Defendant(s):
WAGGIN' TRAIN LLC
NESTLE PURINA PETCARE COMPANY

Dated: 11-FEB-2013

**Jeffrey A. Eisenbeis**
Court Administrator

Case 4:13-cv-00252-ODS   Document 1-2   Filed 03/14/13   Page 28 of 33



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL W MANNERS | Case Number:<br>1316-CV02706 |
| Petitioner(s):<br>CONNIE CURTS | Attorney for Petitioner(s):<br>CHRISTOPHER S SHANK |
| **vs.** | |
| Respondent(s):<br>WAGGIN' TRAIN LLC | Attorney for Respondent(s): |
| | (Date File Stamp) |

## Notice of Civil Action to Recover Damages

**Notice of Action:**

This to notify the Circuit Clerk of Jackson County that this action is being brought under Section 407.025.1 RSMo, which indicates any person who purchases or leases goods or services primarily for personal, family or household purposes, and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by Section 407.020, may bring a private civil action.

In addition, Section 407.025.2 indicates persons entitled to bring an action under subsection 1 of Section 407.025 RSMo may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class.

_____
Date

_____
Petitioner/Attorney

**Notification of Petition Filed:**

This is to notify the Attorney General that a Petition has been filed in the above case in accordance with Section 407.025 RSMo.

A copy of the Petition is enclosed.

2/11/2013
_____
Date

_____
Clerk

**Notification of Judgment Entered:**

This is to notify the Attorney General that a Judgment has been entered in the above case in accordance with Section 407.025 RSMo.

A copy of the Judgment is enclosed.

_____
Date

_____
Clerk

# AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                         **Circuit Court**

Case Number: 1316CV02706

Plaintiff/Petitioner:
**CONNIE CURTS**
vs.
Defendant/Respondent:
**WAGGIN' TRAIN, LLC, et al.**

Received by HPS Process Service & Investigations, Inc. to be served on **Nestle Purina Petcare Company, c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.** I, Dennis Dahlberg, being duly sworn, depose and say that on the 15th day of February 20 13 at 3:10 p.m., executed service by delivering a true copy of the Summons in Civil Case; Class Action Petition; Exhibit A; Notice of Case Management Conference for Civil Case and Order for Mediation; and Notice in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving Tony Spain
as Corporate Operations Specialist                    for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 18th day of
February 2013 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

_____
Dennis Dahlberg
Process Server, ps363

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations, Inc.**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**
Our Job Serial Number: 2013003793

MARY D. HURLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: October 18, 2014
Commission Number: 10955366

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5h

Electronically Filed - Jackson County - Independence - Civil - March 04, 2013 - 11:22 AM CST



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>MICHAEL W MANNERS | Case Number: 1316-CV02706 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CONNIE CURTS | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER S SHANK<br>SHANK & HAMILTON PC<br>2345 GRAND BLVD<br>SUITE 1600<br>KANSAS CITY, MO 64108 | ORIGINAL<br>MAKE YOUR RETURN ON THE<br>WRIT AND FORWARD TO<br>DEPT. OF CIVIL RECORDS<br>AT INDEPENDENCE, MO. |
| | vs. | |
| Defendant/Respondent:<br>WAGGIN' TRAIN LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **NESTLE PURINA PETCARE COMPANY**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**PRIVATE PROCESS**

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_COURT SEAL OF_

_CIRCUIT COURT OF MISSOURI_

_JACKSON COUNTY_

2/11/2013
_____ Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Tolly Spaul _____ (name) CORPORATE OPERATIONS SPECIALIST (title).

☐ other _____

Served at CT CORPORATION SYSTEM, 120 SOUTH CENTRAL AVENUE, SUITE 400, CLAY (address)

in ST. LOUIS (County/City of St. Louis), MO, on FEBRUARY 15, 2013 (date) at 3:10 P.M. (time).

_____ Printed Name of Sheriff or Server

_____ Signature of Sheriff or Server
Dennis Dahlberg
Process Server, ps363

MARY D. HURLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: October 18, 2014
Commission Number: 10955366

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on February 18, 2013 (date).
My commission expires October 18, 2014
_____ Date
_____ Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) _For Court Use Only_ Document Id # 13-SMCC-1105    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

HPS
INVESTIGATIONS
www.hatfieldprocess.com
Jefferson Street
Kansas City, MO 64108

Electronically Filed - Jackson County - Independence - Civil - March 04, 2013 - 11:22 AM CST

# AFFIDAVIT OF SERVICE

**State of Missouri**    **County of Jackson**    **Circuit Court**

Case Number: 1316CV02706

Plaintiff/Petitioner:
**CONNIE CURTS**
vs.
Defendant/Respondent:
**WAGGIN' TRAIN, LLC, et al.**

Received by HPS Process Service & Investigations, Inc. to be served on **Nestle Purina Petcare Company, c/o CT Corporation System, 120 South  Central Avenue, Clayton, MO 63105.** I, ~~Dennis Dahlberg~~, being duly sworn, depose and say that on the 15th day of February 20 13 at 3:10 p.m., executed service by delivering a true copy of the Summons in Civil Case; Class Action Petition; Exhibit A; Notice of Case Management Conference for Civil Case and Order for Mediation; and Notice in accordance with state statutes in the manner marked below:

(✗) REGISTERED AGENT SERVICE: By serving Tony Spain
as Corporate Operations Specialist            for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

K. Dahlberg
Dennis Dahlberg
Process Server, ps363

Subscribed and Sworn to before me on the 18th day of
February 2013 by the affiant who is personally
known to me.

Mary D. Hurley
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations, Inc.**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**
Our Job Serial Number: 2013003793

MARY D. HURLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: October 18, 2014
Commission Number: 10955366

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5h



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL W MANNERS | Case Number: 1316-CV02706 |
| Plaintiff/Petitioner:<br>CONNIE CURTS | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER S SHANK<br>SHANK & HAMILTON PC<br>2345 GRAND BLVD<br>SUITE 1600<br>KANSAS CITY, MO  64108 |
| **vs.** | |
| Defendant/Respondent:<br>WAGGIN' TRAIN LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Other Tort | |

ORIGINAL
MAKE YOUR RETURN ON THE
WRIT AND FORWARD TO
DEPT. OF CIVIL RECORDS
AT INDEPENDENCE, MO.

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to:  **NESTLE PURINA PETCARE COMPANY**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**PRIVATE PROCESS**

*COURT SEAL OF*
*CIRCUIT COURT OF MISSOURI*
*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

2/11/2013
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Tony Spaul _____ (name) Corporate Operations Specialist (title).

☐ other _____

Served at CT Corporation System, 120 South Central Avenue, Suite 400, Clayton (address)

in St. Louis (County/City of St. Louis), MO, on February 15, 2013 (date) at 3:10 p.m. (time).

_____
Printed Name of Sheriff or Server

K. Dahlberg
_____
Signature of Sheriff or Server

Dennis Dahlberg
Process Server, ps363

MARY D. HURLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: October 18, 2014
Commission Number: 10955366

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on February 18, 2013 (date).

My commission expires October 18, 2014
_____
Date

Mary D Hurley
_____
Notary Public

| | | |
|---|---|---|
| Sheriff's Fees | | |
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $_____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only: Document Id # 13-SMCC-1105*

HPS
HATFIELD PROCESS
INVESTIGATIONS

www.hatfieldprocess.com
1445 Jefferson Street
Kansas City, MO 64108

Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo