IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CONNIE CURTS, on behalf of herself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 13-0252-CV-W-ODS |
| WAGGIN' TRAIN, LLC and NESTLE PURINA PETCARE COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. (Doc. # 13). The Motion is granted.

I. BACKGROUND

Plaintiff initiated this suit in the Circuit Court of Jackson County, Missouri, on February 4, 2013. Plaintiff alleges Defendants falsely labeled and marketed their Waggin' Train and Canyon Creek Ranch brand jerky dog treats ("Dog Treats") as "wholesome" and "healthy," among other representations, when the Dog Treats were allegedly "made with substandard, non-wholesome, and unnatural ingredients that are contaminated with poisonous antibiotics and other potentially lethal substances," in violation of the Missouri Merchandising Practice Act ("MMPA"), Mo. Rev. Stat. §§ 407.010 *et seq*. Petition, ¶ 1, 10. The Class Action Petition alleges Plaintiff and both Defendants are citizens of the State of Missouri. *Id.*, ¶ 12-14. The Petition contains the following class definition:

> [A]ll consumers who, at any time from January 2003 to the present (the "Class Period"), purchased Defendants' Dog Treats within the State of Missouri and were citizens of the State of Missouri at the time the Class Action Petition was filed (the "Class").

*Id.*, ¶ 43.

Defendants removed the case to federal court based on provisions of the Class Action Fairness Act ("CAFA") codified at 28 U.S.C. § 1332(d).

## II. DISCUSSION

CAFA grants district courts jurisdiction over class actions in which: (1) the class consists of more than one hundred members; (2) the amount in controversy in the aggregate exceeds $5 million; and (3) there is diversity of citizenship between any member of the class and any defendant. 28 U.S.C. §§ 1332(d)(2); 1332(d)(5)(B). "Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). There are exceptions to CAFA's grant of jurisdiction, some of which will be discussed in greater detail below. "Once CAFA's initial jurisdiction requirements have been established by the party seeking removal . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies." *Id.*

### A. Initial Requirements

Defendants have not satisfied their burden of demonstrating diversity of citizenship between some member of the class and Defendants.[1] Defendants argue "despite alleging a ten-year class period based on sales of Jerky Treats in Missouri, Plaintiff artificially has tried to limit the class to people who happened to be citizens of the State of Missouri on one particular day during that ten-year period—February 4, 2013—in a ploy to avoid minimal diversity and, thus, federal jurisdiction." Notice of Removal (Doc. # 1), § 11. Defendants are essentially asking the Court to broaden the class definition to *all* consumers who purchased the Dog Treats in Missouri during the relevant time period in order to establish federal jurisdiction. However, this Court has previously stated: "the Court is not empowered to 'fix' the definition even if it is convinced that 'repairs' are inevitable and necessary and doing so would create federal

---

[1] There is no dispute that the other requirements for CAFA jurisdiction have been met.

2

jurisdiction." *Elsea v. Jackson County, Mo.*, No. 10-0620-CV-W-ODS, 2010 WL 4386538 (W.D. Mo. Oct. 28, 2010).

Defendants cite to *Standard Fire Insurance Co v. Knowles*, 133 S. Ct. 1345 (2013), for the proposition that it is impermissible for Plaintiff to structure her class action in a manner designed to avoid federal court jurisdiction. However, Defendants' reliance on *Standard Fire* is misplaced. *Standard Fire* involved a class-action plaintiff who stipulated, prior to class certification, that he and the class he sought to represent would not seek damages exceeding $5 million. 133 S. Ct. at 1347. The Supreme Court held that such a stipulation would not prevent removal of the case under CAFA. *Id.* at 1350. The Court reasoned that in order to defeat jurisdiction the stipulation must be binding, and a plaintiff bringing a proposed class action cannot bind members of the proposed class before the class is certified. *Id.*

Defendants also point to several other cases in which courts have looked beyond the surface of a complaint in order to "reject[] plaintiffs' engineering of their suits to avoid federal jurisdiction."[2] However, as Plaintiff correctly points out, these additional cases (as well as *Standard Fire*) do not address state-specific class definitions. Instead, in the cases cited by Defendant, the plaintiffs included stipulations or divided up suits in order to defeat the amount in controversy or numerosity requirements. *See, e.g., Freeman*, 551 F.3d 405 (aggregating "artificially broken up" suits to meet jurisdictional amount in controversy threshold); *Proffitt*, 2008 WL 4401367 (denying remand where plaintiff filed eleven suits covering narrow sequential time periods to avoid CAFA jurisdiction); *Hamilton,* 2008 WL 8148619 (conferring CAFA jurisdiction where plaintiff divided claims of nearly 600 plaintiffs into six identical lawsuits, each with fewer than 100 members).

In this case, Plaintiff is a Missouri citizen and the putative class is comprised exclusively of Missouri citizens. Defendants are also citizens of Missouri. The Dog Treats were purchased in Missouri and Plaintiff has only asserted claims under Missouri law. Plaintiff is the master of her complaint, and she has defined the class to only include Missouri citizens. Plaintiff is entitled to do this. *See Johnson v. Advance*

---

[2] Suggestions in Opposition (Doc. # 23), at 3 (citing *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405 (6th Cir. 2008); *Proffitt v. Abbott Labs.*, No. 2:08-CV-151, 2008 WL 4401367 (E.D. Tenn. Sept. 23, 2008); *Hamilton v. Burlington N. Santa Fe. Ry. Co.*, No. A-08-CA-132-SS, 2008 WL 8148619 (W.D. Tex. Aug. 8, 2008)).

3

*America*, 549 F.3d 932, 934, 937-38 (4th Cir. 2008); *see also In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) ("[P]laintiffs are free to 'circumscribe their class definition' so that they can . . . avoid federal jurisdiction.") (internal citations omitted); *In re Hannaford Bros. Co. Customer Data Sec. Branch Litig.*, 564 F.3d 75, 81 (1st Cir. 2009) (rejected the argument that plaintiff had improperly defined a state-specific class). What Plaintiff cannot do (and has not done) in order to avoid CAFA jurisdiction is craft her state-court Petition in a way to defeat the amount in controversy or numerosity requirement. *See Standard Fire*, 133 S. Ct. 1345; *Freeman,* 551 F.3d 405; *Proffitt*, 2008 WL 4401367; *Hamilton,* 2008 WL 8148619. Plaintiff's class definition leaves the Court without jurisdiction.

## B. Home State Exception

Even if Defendants carried their burden of establishing the initial requirement for jurisdiction, the case must be remanded because Plaintiff has satisfied her burden of demonstrating that an exception exists. The CAFA Home State Exception provides that a district court shall decline to exercise jurisdiction over a class in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). At issue is whether two-thirds or more of the class members are citizens of Missouri.

In this case, Plaintiff defines the class as consumers who purchased the Dog Treats in Missouri and were Missouri citizens at the time the state-court Petition was filed. This necessarily requires that *all* the class members are Missouri citizens and thus the two-thirds requirement is met. *See Johnson v. Advance America*, 549 F.3d 932, 938 (4th Cir. 2008) ("But we observe, as a matter of logic, that if the class is limited to citizens of South Carolina, it could hardly be claims that two-thirds of the class members were not citizens of South Carolina.").

Even if the Court were to broaden the class definition as Defendant proposes—consumers who, during the class period, purchased Dog Treats in Missouri—the Home State Exception would still apply. Defendant argues the class definition should be

4

expanded to include the approximately one million people who moved out of Missouri between 2004 and 2011 as well as the "thousands of additional persons" in 2003, 2012, and the first month of 2013. Notice of Removal (Doc. # 1), ¶ 13, n. 3; Suggestions in Opposition (Doc. # 23), at 11. Plaintiff has provided statistics compiled by the United States Census Bureau showing that the population of Missouri is approximately 6 million and has remained relatively stable since 2003. As Plaintiff correctly points out, assuming the percentage of consumers purchasing the Dog Treats is consistent between current citizens and those who have left the state, well over 80% continue to reside in Missouri—a figure well above the threshold for applying the Home State Exception. Even taking into consideration an influx of out-of-state purchasers hypothesized by Defendants, there is no reasonable doubt that the vast majority of putative class members would still be Missouri citizens. Finally, Defendants argue Plaintiff has failed to take into account college students and military personnel who purchased the Dog Treats and resided in Missouri but were not Citizens of Missouri. This argument is without merit. Residence in Missouri is prima facie proof of citizenship in Missouri. *See Elsea v. Jackson County, Mo.*, No. 10-0620-CV-W-ODS, 2010 WL 4386538, at *4 (W.D. Mo. Oct. 28, 2010); *see also Randall v. Evamor, Inc.*, No. 4:09-CV-01756-ERW, 2010 WL 1727977, at *2 (E.D. Mo. Apr. 29, 2010) (residence in Missouri "creates a rebuttable presumption that those individuals are Missouri citizens for purposes of the home state exception"). Plaintiff has met her burden of establishing that the Home State Exception applies.

### C. Interest of Justice Exception

Finally, even if the Home State Exception does not apply, the requirements for the Interest of Justice Exception have been met. A court may, in the interest of justice, decline to exercise jurisdiction if more than one-third and less than two-thirds of the class and the primary defendants are citizens of the state where the suit was filed. 28 U.S.C. § 1332(d)(3). Several factors are to be taken into consideration in determining whether a case should be remanded under this exception, including:

(A) whether the claims asserted involved matters of national or interstate interest;

(B) whether the claims asserted will be governed by the laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of the citizens of the State in which the action was originally filed in all proposed classes in the aggregate is substantially larger than the number of citizens from any other States, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of the class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

The balance of these factors weighs in favor of remand. The suit was filed in Missouri and Plaintiff has only asserted claims under Missouri law. The claims asserted are not matters of national or interstate interest. Both Defendants are citizens of Missouri, the alleged harms occurred in Missouri, and the acts giving rise to Plaintiff's claims occurred in Missouri. Even if the class included out-of-state consumers and then-Missouri consumers who have since moved out of the state, far more class members will be citizens of Missouri than any other state. Although Defendants are facing other similar class actions that have been centralized in the United States District Court for the Northern District of Illinois, (*see* Notice of Removal, ¶ 12), MDL consolidation has been denied for these cases, *see In re Waggin' Train Chicken Jerky Pet Treat Prods. Liab. Litig.*, 893 F. Supp. 2d 1357 (J.P.M.L. 2012), which mitigates this factor. The Interest of Justice Exception applies.

### D. Attorneys' Fees and Costs

Plaintiff requests attorneys' fees pursuant 28 U.S.C. § 1447(c). The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness

6

of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "The objective of this provision is to 'deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party,' not to discourage defendants from seeking removal in all but the most obvious cases." *Haren & Laughlin Const. Co., Inc. v. Granite Re, Inc.*, No. 6:11-CV-3242-DGK, 2011 WL 5822414 (W.D. Mo. Nov. 16, 2011) (quoting *Martin*, 546 U.S. at 140). Defendants argue, and the Court agrees, that Defendants' purpose in removing the case was to seek to coordinate it with the overlapping class action litigation pending in the Northern District of Illinois, and not to stall the proceedings.[3] Accordingly, the Court declines to award Plaintiff costs and fees incurred as a result of removal.

### III. CONCLUSION

For these reasons, the Motion to Remand is granted and the case is remanded to the Circuit Court of Jackson County, Missouri.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 28, 2013          UNITED STATES DISTRICT COURT

---

[3] Defendants filed the pending Motion to Transfer (Doc. # 10) five days after removing the case.